JOURNAL ENTRY AND OPINION
Defendant-appellant, Ivan Chacon (defendant), appeals from the judgment of the Cuyahoga Court of Common Pleas finding him to be a sexual predator. The defendant contends that the finding was insufficient and against the manifest weight of evidence. We disagree and, therefore, affirm the trial court.
On January 18, 1996 the defendant pled guilty to the amended count of rape in violation of R.C. 2907.02(A)(1)(b),[1] an aggravated felony of the first degree, and the court imposed the agreed upon sentence of eight to twenty-five years imprisonment. A sexual predator determination hearing was conducted on June 13, 2001. Following the conclusion of arguments, the trial court made a series of detailed findings and concluded that the defendant was a sexual predator. The trial court thereafter journalized its adjudication of defendant as a sexual predator under R.C. 2950.09(C).
The defendant appealed the ruling and raised the following sole assignment of error for our review:
 THE COURT'S DECISION FINDING THE DEFENDANT TO BE A SEXUAL PREDATOR WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE AND WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
A sexual predator is defined as a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. R.C. 2950.01(E). The state has the burden of proving that the offender is a sexual predator by clear and convincing evidence. R.C.2950.09(B)(3). In State v. Eppinger (2001) 91 Ohio St.3d 158,743 N.E.2d 881, the Ohio Supreme Court found that the state must prove that the offender has been convicted of a sexually oriented offense and that the offender is likely to engage in a sexually oriented offense in the future. Id. at 163, 743 N.E.2d at 886-887.
The clear and convincing evidence standard is a degree of proof that is more than a mere preponderance, but not to the extent of certainty that is required beyond a reasonable doubt in criminal cases. Eppinger at 164; State v. Schiebel (1990) 55 Ohio St.3d 71, 74,564 N.E.2d 54. In the instant case, the defendant pled guilty to the rape of his eight-year-old stepdaughter, establishing the first requirement that he has been convicted of a sexually oriented offense. Therefore, we must decide whether there was sufficient evidence to satisfy the requisite degree of proof that he is likely to engage in the future in one or more sexually oriented offenses.
The Court in Eppinger, adopted a model procedure for the sexual predator classification hearing, instructing that the trial court should review the record, expert testimony or report and the statutory factors set forth in R.C. 2950.09(B)(2). Id. at 166. The legislature also directs that in making the determination that the offender is a sexual predator, the trial court shall consider all relevant factors, including, but not limited to, the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(2).
Although the trial court is not required to list all of the criteria and is only obligated to consider all relevant factors, it should discuss the factors on the record and the particular evidence upon which it relies in determining the likelihood of recidivism. Eppinger,supra, at 167; State v. Cook (1998), 83 Ohio St.3d 404, 426,700 N.E.2d 570, 587; State v. Ward (1999), 130 Ohio App.3d 551, 560,720 N.E.2d 603, 609. This does not mean that R.C. 2950.09(B)(2) requires that all listed factors be met before an offender can be designated as a sexual predator. State v. Goodall (Jul. 6, 2000), Cuyahoga App. No. 76491, unreported at 8; State v. Ferrell (Mar. 18, 1999), Cuyahoga App. No. 72732, unreported at 7.
At the sexual predator hearing, the evidence revealed that between June 4 and June 8, 1995, the defendant, then age 21, engaged in sexual conduct with his eight-year-old stepdaughter while the child's mother was in the hospital for pregnancy related reasons. This sexual conduct resulted in his being convicted of rape. In the bedroom that he shared with his wife and after ordering the child's two brothers to their rooms, the defendant made her rub lotion onto his bare buttocks. On more than one occasion he made her go to the basement, although she said "no," and made her touch his genitals. He would then ask her "how does it feel." On two occasions in the basement, the defendant placed his penis in her mouth and told her to "bite it" even though she said no. The defendant also wrapped the tip of his penis with a towel and made the child perform oral sex. The eight-year-old victim stated that "what he did made me scared." The defendant attempted to hide his unlawful sexual activity with his stepdaughter by instructing her to keep it a secret.
The defendant also introduced pornographic video tapes into the home and apparently did not make an effort to prevent the children in the home, and under his care, from viewing this adult material.
The investigation report and sex offender assessment reveal that the defendant has stated that he was physically abused by his mother and sexually abused by his mother's female friend at the age of eight or nine. The defendant admits that he molested his stepdaughter. He further admits that she touched his penis and that he placed his penis in her mouth.
Despitethis, the defendant contends that he should not have been determined to be a sexual predator as he is not likely to commit another sexual offense for the following reasons: he has no prior record or criminal offense, the crime involved only one victim, he did not use drugs or alcohol to impair the victim, he has participated in treatment programs while incarcerated, he was not a pedofile in the opinion of the expert witness, and his assessment indicated that he posed the lowest possible risk of sexually re-offending. However, the state argues that the trial court heard testimony, read exhibits, and reviewed the statutory factors of R.C. 2950.09(B) and set forth the particular evidence and factors upon which it relied in making its determination.
We find that the court correctly reviewed the record,[2]
expert testimony and the relevant statutory factors set forth in R.C.2950.09(B)(2) prior to its designation of the defendant as a sexual predator. The defendant contends that the court did not discuss the factors set forth in R.C. 2950.09(B)(2). However, we find that pursuant to subdivisions (a) through (d), the court appropriately reviewed and discussed the defendant's age, the fact that he had no prior convictions other than the rape conviction the age of the victim, and the collateral victims in the household, the stepsons. (TR. 71). The defendant's behavior appeared to be laying the groundwork for inappropriate sexual activity with the child's brothers. The court found that the defendant either did not take precautions to ensure that the children were not watching his pornographic video tapes or may have been permitting them to view the material.[3] The court found that under subdivision (g), the defendant had indications of mental illness or disability and a history of malingering. (TR. 73).
Pursuant to subdivision (h) the defendant took advantage of a child and his parental role as she was not in a position to refuse his instructions to perform sexual acts upon him. Under subdivision (i), the nature of the defendant's behavior displayed cruelty to the child as it occurred within her parents' bedroom, in her home, and by her stepfather. Additional behavior contributing to the conduct, under subdivision (j), included that the defendant permitted the children to view and mimic behavior witnessed on his pornographic video tapes. The court also considered the defendant's malingering behavior.
Further, the court noted that the Abel Assessment found that the defendant exhibited a persistent sexual attraction to preschool and school age females. On cross-examination, the expert witness testified that there was a likelihood that the defendant would re-offend. (TR. 51). Based upon the expert witness report,[4] the Static-99 test assessed the defendant as having a five percent likelihood of being re-convicted of a sexual offense within five years and an eleven percent likelihood of being re-convicted of a sexual offense within the next ten years. (TR. 41).
This court has repeatedly held a single conviction for a sexually oriented offense is insufficient to support a determination that an offender is a sexual predator without further evidence or facts that the offender is likely to commit a sexual offense in the future. Statev. Delyle (Nov. 1, 2001) Cuyahoga App. No. 79169, unreported at 8; Statev. Winchester (Jul. 26, 2001), Cuyahoga App. No. 78019, unreported at 10. However, we note that it is possible that one sexually oriented offense can support a sexual predator adjudication under certain circumstances. Eppinger, supra, at 167.
This court stated in State v. Senyak (Feb. 11, 1999) Cuyahoga App. No. 72611, unreported, "the law permits the adjudication of an individual as a sexual predator based solely upon one conviction and consideration of the factors set forth in R.C. 2950.09(B)(2)." Senyak at 8. In the instant case, we find that there exists sufficient, and disturbing, evidence supporting the trial court's determination that the defendant is a sexual predator in addition to his conviction for the rape of his eight-year-old stepdaughter.
It is well settled that where competent and credible evidence exists to support the findings and conclusions of the trial court, a reviewing court must afford great deference to those findings and conclusions. An appellate court must not substitute its judgment for the judgment of the trial court. State v. Gary (Feb. 14, 2002), Cuyahoga App. No. 79224, unreported at 16-17; Seasons Coal v. Cleveland (1984),10 Ohio St.3d 77, 80, 461 N.E.2d 1273, 1276; Cohen v. Lamko, Inc. (1984), 10 Ohio St.3d 167, 462 N.E.2d 407.
After reviewing the evidence before the trial court, we find that the defendant's designation as a sexual predator is not against the manifest weight of the evidence. We note that the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact to decide. State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212, paragraph one of the syllabus; see also, State v. Smith (2000),87 Ohio St.3d 424, 721 N.E.2d 93. "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." See C.E. MorrisCo. v. Foley Construction Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578.
We also find that there is sufficient evidence to find by clear and convincing evidence that the defendant is a sexual predator. Therefore, the defendant's single assignment of error is overruled and judgment is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. MCMONAGLE, A.J., CONCURS IN JUDGMENT ONLY AND ANNE L.KILBANE, J., CONCURS IN JUDGMENT ONLY.
[1] The State of Ohio deleted "use of force or threat of force" from the charge.
[2] The record included the following reports: The Institution Summary Report, Magellan Sex Offender Program Report, Adult Parole Authority Offender Background Investigation Report, Madison Correctional Institution Sex Offender Assessment Report, Abel Assessment and Static-99.
[3] There is evidence that the brothers were imitating some of the sexual activity they witnessed taking place on the pornographic video tapes with each other and with the female victim.
[4] The expert further testified that in 1996, the defendant exhibited cognitive distortions which are the statements the offender uses to justify the sexual behavior with the child. (TR. 51). During the assessment, the defendant responded that he agreed with the statement "if an adult has sex with a young child, it prevents the child from having sexual hang-ups in the future." The defendant strongly agreed with the statement "The only way I could do harm to a child when having sex with her would be to use physical force to get her to have sex with me and an adult can know just how much sex between him and a child will hurt the child later on." (TR. 46-47).